# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRON A. PAYNE,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>FUJIOKA, et al.,<br><br>　　　　　Defendants. | ) 1:13cv02079 AWI DLB PC<br>)<br>) ORDER REQUIRING PLAINTIFF TO<br>) EITHER FILE AMENDED COMPLAINT OR<br>) NOTIFY COURT OF WILLINGNESS TO<br>) PROCEED ONLY ON COGNIZABLE<br>) CLAIMS<br>)<br>) THIRTY-DAY DEADLINE<br>) |

　　　　Plaintiff Myron A. Payne ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed this action on December 23, 2013. He names Corcoran State Prison ("CSP") Warden Connie Gipson and CSP Correctional Officers Thomas Fujioka and G. Rodriguez as Defendants.

**A.　　SCREENING REQUIREMENT**

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§ 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

B.     **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at CSP, where the events at issue occurred. Defendants Fujioka and Rodriguez are employed as Receiving and Release ("R&R") officers at CSP.

Plaintiff alleges that he arrived at the CSP SHU on January 15, 2009.

On February 17, 2009, he submitted an inmate appeal related to his property issues.

On March 5, 2009, Defendants Fujioka and Rodriguez issued Plaintiff a portion of his allowable SHU property. On March 6, 2009, Defendants Fujioka and Rodriguez issued Plaintiff several more items of personal property.

On May 20, 2009, Defendant Fujioka issued Plaintiff "another portion" of his personal property due to the partial granting of his inmate appeal. Compl. 23. Also on May 20, 2009, Plaintiff requested that a portion of his personal property be mailed home. He states that he had sufficient funds to do so. Plaintiff signed a "Property-Mail Out" form in the presence of Defendant Fujioka. He also signed the bottom portion of the CDC 1083 Property Receipt, noting that "this is not all of [his] allowable property." Compl. 23.

On May 21, 2009, Plaintiff submitted an Inmate Request for Interview, asking Defendant Fujioka to respond to the issue of Plaintiff's unissued allowable personal property. Plaintiff specified "religious/Islamic, legal, personal/family related documents and photos." Compl. 23.

Plaintiff spoke to Defendant Fujioka on May 21, 2009, about his reasons for not issuing all of Plaintiff's allowable personal property.

On June 8, 2009, Plaintiff received a CDC 128 General Chrono "RE: Notice of Fifteen (15) Days Until Disposition of Property" authored by Defendant Rodriguez.

On June 12, 2009, Defendant Fujioka issued Plaintiff a portion of his personal property as a result of Plaintiff's inmate appeal. As of June 12, 2009, Plaintiff contends that neither Defendant Fujioka nor Defendant Rodriguez had mailed any of his property home.

On August 24, 2009, Plaintiff submitted an Inmate Request for Interview to Defendant Rodriguez, asking about the failure to mail his property home and other property issues. Plaintiff alleges that Defendant Rodriguez refused to address the property issues on an informal level.

On August 31, 2009, Plaintiff submitted another inmate appeal.

Plaintiff spoke to Defendant Rodriguez again on January 8, 2010, and attempted to hand him an inmate appeal. Defendant Rodriguez would not accept the appeal.

On October 11, 2010, Plaintiff submitted another appeal regarding the status of his property that was not mailed home. Plaintiff resubmitted his inmate appeal on December 12, 2010.

Plaintiff alleges that on December 21, 2010, Defendant Fujioka responded to his appeal. Plaintiff learned, for the first time, that on June 5, 2009, Defendants Fujioka and Rodriguez destroyed his personal property, despite his request that it be mailed home. The property destroyed included personal photos of family and friends, magazines, legal books, legal documents, a CD player, calculator and typewriter, watches, religious items, clothes, artwork and supplies, hygiene items and personal documents such as his birth certificate, social security card and tax information.

Plaintiff alleges that Defendants Fujioka and Rodriguez never gave Plaintiff written notice that his personal property would be destroyed.

Based on these facts, Plaintiff alleges violations of the Fifth, Eighth and Fourteenth Amendments.

## C.   ANALYSIS

### 1.   Deprivation of Property without Procedural Due Process

The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir.1974). However,

deprivation of an inmate's property negligently or intentionally without a pre-deprivation hearing do not state a due process claim under section 1983 if the deprivation was random and unauthorized, see Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property), because California provides an adequate state post-deprivation remedy, see Zinermon v. Burch, 494 U.S. 113, 128-29 (1990) (where state cannot foresee and therefore provide meaningful hearing prior to deprivation, statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process); Hudson, 468 U.S. at 533.

An authorized, intentional deprivation of property is actionable under the Due Process Clause.  See Hudson , 468 U.S. at 532, n. 13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir.1985).  An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Logan v. Zimmerman Brush Co., 455 U.S. at 436; Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir.1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir.1987). Authorized deprivations of property are permissible if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest.  Turner v. Safley, 482 U.S. 78, 89 (1987). "'Ordinarily, due process of law requires [notice and] an opportunity for some kind of hearing prior to the deprivation of a ... property interest.'" Halverson v. Skagit County, 42 F.3d 1257, 1260 (9th Cir.1995) (internal quotations and citations omitted).

In this action, Plaintiff appears to contend both that (1) Defendants were mistaken or negligent in disposing of his property; and (2) Defendants did not follow the applicable regulations.

Insofar as Plaintiff alleges that Defendants failed to follow established rules and regulations for characterization, possession and disposition of inmate property, and/or intentionally destroyed his property despite his request to mail it home, he cannot state a claim under the Due Process Clause.  Such deprivations would either be negligent, or random and unauthorized, and there exists an adequate post-deprivation remedy under California law.

As for Plaintiff's allegations that Defendants did not tell him that any of his property was prohibited, or give him proper notice prior to the destruction of his property, such claims are actionable under the Due Process Clause.  In his complaint, Plaintiff contends that Defendants Fujioka and Rodriguez destroyed his property on June 5, 2009, despite his prior request to send it home.  Although Plaintiff alleges that he received a CDC 128 General Chrono notifying him that his property would be disposed of in fifteen days, he received the notice *after* his property was destroyed.  He also alleges that he did not learn that his property had been destroyed until December 2010.  The Court finds that this states a claim under the Due Process Clause against all Defendants.[1]

    2.    <u>Substantive Due Process</u>

"The concept of substantive due process . . . forbids the government from depriving a person of life, liberty, or property in such a way that shocks the conscience or interferes with rights implicit in the concept of ordered liberty."  <u>Nunez v. City of Los Angeles</u>, 147 F.3d 867, 871 (9th Cir. 1998) (citation and internal quotation marks omitted).  "There is no general liberty interest in being free from capricious government action," <u>Nunez</u>, 147 F.3d at 873, and to state a substantive due process claim, Plaintiff must demonstrate the deprivation of a protected interest

---

[1] Plaintiff alleges personal participation by Defendants Fujioka and Rodriguez.  As to Defendant Gipson, Plaintiff alleges that she established unconstitutional policies, and that these policies caused the deprivation at issue.  This is sufficient for supervisory liability.  <u>Star v. Baca, 652 F.3d 1202, 1205</u> (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012); <u>Jeffers v. Gomez</u>, 267 F.3d 895, 914-15 (9th Cir. 2001); <u>Redman v. County of San Diego</u>, 942 F.2d 1435, 1446-47 (9th Cir. 1991); <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989).

and conscience shocking behavior by the governmental actor, <u>Brittain v. Hansen</u>, 451 F.3d 982, 991 (9th Cir. 2009).

Construing Plaintiff's challenge to the actual regulations limiting SHU inmates' property as a substantive due process claim, his claim fails.  Plaintiff appears to challenge Sections 3190 and 3191of Title 15 of the California Code of Regulations insofar as they (1) set a different property allowance for SHU inmates; and (2) require SHU inmates to decide whether to mail unallowed property, donate it or destroy it.

While Plaintiff may have protected interest in his property, there is simply no "conscience shocking" government action.  Restricting the amount of property an inmate in non-disciplinary segregation may possess, and giving the inmate choices on how to dispose of the unallowed property, do not rise to the level required for a substantive due process claim.  Although Plaintiff contends that the policies are arbitrary and capricious, and do not further any penological interest, his conclusory allegations do not change this result.

Accordingly, Plaintiff fails to state a substantive due process claim.  This deficiency cannot be cured.

      3.     <u>Fifth Amendment</u>

Plaintiff also alleges a violation of the Fifth Amendment based on the above allegations.  However, "the Fifth Amendment's due process clause applies only to the federal government." <u>Bingue v. Prunchak</u>, 512 F.3d 1169, 1174 (9th Cir. 2008).  Plaintiff therefore fails to state a claim under the Fifth Amendment and the deficiency cannot be cured.

      4.     <u>Equal Protection</u>

The Equal Protection Clause requires that persons who are similarly situated be treated alike. <u>City of Cleburne v. Cleburne Living Center, Inc</u>., 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); <u>Hartmann v. California Dep't of Corr. & Rehab</u>., 707 F.3d 1114, 1123 (9th Cir. 2013); <u>Furnace v. Sullivan</u>, 705 F.3d 1021, 1030 (9th Cir. 2013); <u>Shakur v. Schriro</u>, 514 F.3d 878, 891

(9th Cir. 2008).  To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class.  Hartmann, 707 F.3d at 1123; Furnace, 705 F.3d at 1030; Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).

Although Plaintiff references the Equal Protection Clause, he includes no allegations that would implicate a violation of equal protection.  He therefore fails to state a claim.

Plaintiff will be permitted to amend this claim.

### 5. Eighth Amendment Conditions of Confinement

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted).  While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain.  Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).  Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment.  Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).  To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety.  E.g., Farmer,

511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff fails to explain how the destruction of certain property deprived him of the minimal civilized measure of life's necessities.  While it appears that hygiene items comprised at least some of the disallowed property, Plaintiff does not allege any resulting harm.  Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted).

Accordingly, Plaintiff fails to state a claim under the Eighth Amendment.  Plaintiff will be permitted to amend this claim.

### D.     **CONCLUSION AND ORDER**

Plaintiff's complaint states a procedural due process claim against Defendants Fujioka, Rodriguez and Gipson.  It does not state any further claims against any other Defendants.

If Plaintiff is willing to proceed on his cognizable claims, he may notify the Court in writing.  The Court will then dismiss Plaintiff's other claims and provide Plaintiff with further instructions regarding service of a summons and the complaint.

If Plaintiff files an amended complaint, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Further, Plaintiff is notified that his amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff must either:

    a. File an amended complaint curing the deficiencies identified by the Court in this order, or

    b. Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only on the cognizable claims identified above.

3. <u>If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **April 23, 2014**                     /s/ *Dennis L. Beck*
                                                             UNITED STATES MAGISTRATE JUDGE