# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRON A. PAYNE,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>FUJIOKA, et al.,<br><br>　　　　　　Defendants. | ) 1:13cv02079 AWI DLB PC<br>)<br>) ORDER DENYING PLAINTIFF'S<br>) MOTION FOR RECONSIDERATION<br>) (Document 12)<br>)<br>) ORDER GRANTING PLAINTIFF AN<br>) EXTENTION OF TIME TO COMPLY WITH<br>) APRIL 23, 2014, ORDER<br>) |

　　　　Plaintiff Myron A. Payne ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed this action on December 23, 2013.

　　　　On April 23, 2014, the Court screened his complaint and ordered him to either amend the complaint, or notify the Court of his willingness to proceed only on the cognizable claim.

　　　　Plaintiff requested an extension of time on May 20, 2014, and the Court granted him an additional sixty (60) days to comply with the order.

　　　　On July 7, 2014, Plaintiff filed a motion for reconsideration of the screening order.

## LEGAL STANDARD

　　　　Reconsideration motions are committed to the discretion of the trial court. *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly

1

convincing nature to induce the court to reverse a prior decision.  *See e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

This Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Fed.R.Civ.P. 72(a).  As such, the court may only set aside those portions of a Magistrate Judge's order that are either clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a); *see also Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non-dispositive pretrial matters that are reviewed for clear error under Fed. R. Civ. P. 72(a)).

A magistrate judge's factual findings are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed.  *Security Farms v. International Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997); *Green v. Baca*, 219 F.R.D. 485, 489 (C.D. Cal. 2003).  The "'clearly erroneous' standard is significantly deferential." *Concrete Pipe and Products of California, Inc. v. Construction Laborers Pension Trust for Southern California,* 508 U.S. 602, 623, 113 S.Ct. 2264 (1993).

The "contrary to law" standard allows independent, plenary review of purely legal determinations by the magistrate judge.  *See Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3rd Cir.1992); *Green*, 219 F.R.D. at 489; *see also Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002).  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure."  *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008); *Rathgaber v. Town of Oyster Bay*, 492 F.Supp.2d 130, 137 (E.D.N.Y. 2007); *Surles v. Air France*, 210 F.Supp.2d 501, 502 (S.D.N.Y. 2001); *see Adolph Coors Co. v. Wallace*, 570 F.Supp. 202, 205 (N.D. Cal. 1983).

"Pretrial orders of a magistrate under § 636(b)(1)(A) . . . are not subject to a de novo determination. . . ."  *Merritt v. International Bro. of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir.

1981). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes*, 951 F.2d at 241; *see Phoenix Engineering & Supply v. Universal Elec.*, 104 F.3d 1137, 1141 (9th Cir. 1997) ("the clearly erroneous standard allows [for] great deference"). A district court is able to overturn a magistrate judge's ruling "'only if the district court is left with the definite and firm conviction that a mistake has been made.'" *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F.Supp.2d 980, 983 (S.D. Cal. 1999) (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)). Nonetheless, "[m]otions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs." *Hendon v. Baroya,* 2012 WL 995757, at *1 (E.D. Cal. 2012) (citing *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001); *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925–26 (9th Cir. 1988)).

## **DISCUSSION**

The Magistrate Judge determined that Plaintiff's complaint stated a cognizable procedural due process claim against Defendants Fujioka, Gipson and Rodriguez. It further determined that Plaintiff could not state a substantive due process claim or a claim under the Fifth Amendment. However, the Court permitted Plaintiff to amend his Eighth Amendment claim and his Equal Protection claim. Plaintiff was given an opportunity to either amend his complaint, or proceed with the cognizable claim.

In his motion, Plaintiff contends that the Magistrate Judge's findings are clearly erroneous or contrary to law.

As to his substantive due process claim, Plaintiff alleges that claims about certain types of property are not procedural due process claims, but rather are actionable as substantive due process issues. Plaintiff is incorrect. While he has stated a procedural due process claim based on an authorized, intentional deprivation without pre-deprivation protections, the legal requirements of a substantive due process claim are different. Although Plaintiff may not like

the fact that a substantive due process claim requires a deprivation that shocks the conscience, *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998), the Court is bound by applicable law. Plaintiff's claims simply do not involve "conscience shocking" government action.

Plaintiff also argues that the Court erred in finding that the Fifth Amendment only applies to the federal government. *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008). Again, however, Plaintiff's disagreement with the applicable law does not warrant reconsideration.

As to Plaintiff's Equal Protection claim and Eighth Amendment claim, the Court granted him leave to amend these claims and reconsideration appears unnecessary at this juncture. In any event, although Plaintiff may feel that deprivation of personal family pictures, religious materials, etc. constitutes an extreme deprivation that denies him the minimal civilized measure of life's necessities, *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations and quotations omitted), he is incorrect.

Similarly, the Court explained that Plaintiff did not include any allegations that would implicate a violation of equal protection. He does not present any reason in his motion to depart from this finding.

**ORDER**

For these reasons, Plaintiff's motion for reconsideration is DENIED. Plaintiff is GRANTED an extension of time of thirty (30) days from the date of service of this order within which to comply with the Court's April 23, 2014, order.

IT IS SO ORDERED.

Dated:   September 18, 2014              _____
                                           SENIOR DISTRICT JUDGE