# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRON A. PAYNE,<br><br>              Plaintiff,<br><br>       vs.<br><br>FUJIOKA, et al.,<br><br>              Defendants. | )   1:13cv02079 AWI DLB PC<br>)<br>)   FINDINGS AND RECOMMENDATION<br>)   REGARDING DEFENDANTS' MOTION TO<br>)   REVOKE PLAINTIFF'S IN FORMA<br>)   PAUPERIS STATUS<br>)   (Document 26)<br>)<br>)   THIRTY-DAY DEADLINE<br>) |

Plaintiff Myron A. Payne ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action.  Plaintiff filed this action on December 23, 2013, and the Court granted Plaintiff's application to proceed in forma pauperis on January 17, 2014.

On April 23, 2014, the Court screened Plaintiff's complaint and ordered him to either amend his complaint or notify the Court of his willingness to proceed only on the cognizable procedural due process claims against Defendants Fujioka, Rodriguez and Gipson.  His claims involve deprivation of personal property in 2009 and 2010.

Pursuant to Plaintiff's notification that he was willing to proceed only on these claims, the Court dismissed the remaining claims and Defendants on January 9, 2015.

Defendants filed this motion on February 20, 2015.  Plaintiff filed a late and incomplete opposition on May 20, 2015, and Defendants filed their reply on June 8, 2015.[1]  The motion is deemed submitted and suitable for decision.  Local Rule 230(l).

## A.  LEGAL STANDARD

Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis.  Section § 1915(g) provides that "[i]n no event shall a prisoner bring a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  The imminent danger "exception applies if the danger existed at the time the prisoner filed the complaint."  Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir.2007) citing United States v. Jackson, 480 F.3d 1014, 1018-19 (9th Cir.2007) (emphasis added).

Section 1915(g) is commonly known as the "three strikes" provision.  Andrews v. King, 398 F.3d 1113, 1116 n. 1 (9th Cir.2005).  "Strikes" are prior cases or appeals, brought while the Plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim.  Id.  Pursuant to Section 1915(g), a prisoner with three strikes or more, generally cannot proceed IFP.  Id.; see also Andrews, 493 F.3d at 1052 (Under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]").

The Ninth Circuit has cautioned district courts to carefully examine orders of dismissal for their basis in determining whether they count as "strikes" under § 1915(g), because not all unsuccessful cases qualify as a strike under § 1915(g).  Rather, § 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and

---

[1]  Defendants received a complete version of Plaintiff's opposition, and they have provided it to the Court as an attachment to their June 8, 2015, Request for Judicial Notice.  The request is GRANTED and the Court will consider Plaintiff's complete opposition.

other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim.  Andrews, 398 F.3d at 1121.  Whether an action was dismissed because it was frivolous, malicious or failed to state a claim turns on an evaluation of the dismissal order and other relevant information.  Id.; see also Moore v. Maricopa County Sheriff's Office, 657 F.3d 890, 895 (9th Cir.2011) (whether dismissal order counts as a strike depends on "reasonable interpretation" of order); O'Neal v. Price, 531 F.3d 1146, 1153-55 (9th Cir.2008) (disposition of complaint, either with or without prejudice, constitutes a "dismissal" for purposes of section 1915(g)).

In Andrews v. King, the Ninth Circuit shed light on how courts are to assess whether a given case qualifies as a "strike."  Using the "ordinary, contemporary, [and] common meaning[s]" of the terms "frivolous" and "malicious," the court concluded that: (1) a case is "frivolous" for purposes of Section 1915(g) "if it is of little weight or importance" or "ha[s] no basis in law or fact"; and (2) a case is "malicious" if it was filed with the "intention or desire to harm another."  Andrews, 398 F.3d at 1121 (citations omitted); see also Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("[A] complaint, containing ... both factual allegations and legal conclusions, is frivolous [under 28 U.S.C. § 1915] where it lacks an arguable basis either in law or in fact .... [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.") (footnote and citations omitted).  As to Section 1915(g)'s language regarding an action which "fails to state a claim on which relief may be granted," the court noted that it had previously held that such phrase, as used elsewhere in Section 1915, parallels the language of Federal Rule of Civil Procedure 12(b)(6).  Andrews, 398 F.3d at 1121 (citing Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir.1998), cert. denied, 525 U.S. 1154, 119 S.Ct. 1058, 143 L.Ed.2d 63 (1999)).  The court thereby suggested that such language in Section 1915(g) should have the same meaning as it does under Rule 12(b)(6).

When a Defendant challenges a Plaintiff's right to proceed in forma pauperis, the Defendant bears the burden of producing sufficient evidence to establish that Section 1915(g) bars the plaintiff's in forma pauperis status.  <u>Andrews</u>, 398 F.3d at 1116, 1120.  The defendant must produce court records or other documentation that will allow the district court to determine that three prior cases were dismissed as "frivolous, malicious or [for] failure to state a claim." <u>Id</u>. (quoting Section 1915(g)).  Once the Defendant has made out a prima facie case, the burden shifts to the Plaintiff to persuade the court that Section 1915(g) does not apply.  <u>Id</u>.

**B.    <u>PLAINTIFF'S PRIOR ACTIONS</u>**

Defendants argue that the Court should revoke Plaintiff's in forma pauperis status under § 1915(g) because, at the time this case was filed, Plaintiff had accumulated more than three "strikes" within the meaning of 28 U.S.C. § 1915(g) and he was not in imminent danger of serious physical injury.  Defendants cite the following cases[2]:

1.    *Payne v. Cannon, 2:00-cv-10746 (C.D.Cal. 2000)*

Plaintiff filed this section 1983 action on October 6, 2000, complaining of his attorney's failure to turn over his case file.  The Court dismissed the action with leave to amend, but Plaintiff's amended complaint contained the same allegations.

The Court issued Findings and Recommendations on December 15, 2000.  The recommendations were adopted on January 31, 2001, and the action was dismissed with prejudice for failure to state a claim for which relief may be granted.  ECF No. 26-2, Ex. A (Defendants' Request for Judicial Notice).

Plaintiff does not state why this civil rights action should not count as a strike.  The Court therefore finds that the dismissal in <u>Payne v. Cannon</u> counts as a strike.

Insofar as Plaintiff argues, generally, that the PLRA is unconstitutional, the Court rejects his argument.  <u>Andrews v. King</u>, 398 F.3d 1113, 1123 (9th Cir. 2005).

---

[2] The Court GRANTS Defendants' request for judicial notice, which attaches the cases they rely upon.

2.      *Payne v. California Supreme Court, 2:09-07782 (C.D. Cal. 2009)*

Plaintiff filed this writ of mandate in October 2009.  The writ attempted to enjoin a lower court from taking any further action in criminal case against him, and to release all transcripts and documents from the action.  On November 6, 2009, the Court denied Plaintiff's request to proceed in forma pauperis, in part, because Plaintiff failed to state a claim for which relief could be granted.  ECF N0. 26-2, at Ex. B.

In his opposition, Plaintiff does not specifically address this case, or any of the other cases, cited by Defendants.  Rather, he submits a general recitation of the law surrounding the PLRA.  As to petitions for writ of mandate, Plaintiff seems to admit that in some situations, these petitions may be considered strikes under the PLRA.  ECF No. 31, at 7.

The parties are correct that petitions for writ of mandamus can constitute strikes when the claim is analogous to the typical action filed under section 1983 complaining about prison conditions.  Andrews, 398 F.3d at 1123 (citing In re Nagy, 89 F.3d 115, 117 (2d Cir.1996).  This petition, however, sought to compel state courts to produce documents, and such a claim is not a typical claim made in a section 1983 action.  In fact, such a claim wouldn't even be cognizable in a civil rights action.  Defendants do not address this in their motion or their reply.

Therefore, the Court finds that Payne v. California Supreme Court should not count as a strike.

3.      *Payne v. Adams, 2:10-cv-02677 (E.D.Cal. 2010)*

Plaintiff filed this petition for writ of habeas corpus on October 1, 2010.  On January 13, 2011, the Court dismissed the petition with leave to amend and ordered Plaintiff to file either an amended petition for writ of habeas corpus or a section 1983 action.  In the order, the Court explained that a least some of Plaintiff's claims challenged the conditions of his confinement and could not be brought in a habeas action.  Plaintiff filed an amended petition with the same allegations.

On January 27, 2012, the Court issued Findings and Recommendations to grant Respondent's motion to dismiss.[3]  The claims not cognizable in habeas included Plaintiff's claim that prison officials denied his request for transfer, failed to conduct an adequate investigation into a disciplinary report, and failed to process his complaints and appeals.  The Court also noted that some of these claims would not have been insufficient to state a claim in a civil rights claims.  The Court adopted the Magistrate Judge's Findings and Recommendations on March 29, 2012.  ECF No. 26-2, Ex. C.

Plaintiff generally argues that petitions for writ of habeas corpus are not subject to the PLRA.  Plaintiff is correct that in most situations, habeas petitions do not count as strikes.  However, where habeas petitions are "little more than 42 U.S.C. § 1983 actions mislabeled as habeas petitions so as to avoid the penalties imposed by 28 U.S.C. § 1915(g)," the district court may determine that the dismissal counts as a strike for purposes of § 1915(g).  Andrews, 398 F.3d at 1123 n. 12.

Plaintiff's petition contained six claims for relief.  Of those six, the Court determined that five were not cognizable in habeas.  Indeed, only Plaintiff's claim related to his loss of good time credits was properly brought in habeas, but the Court determined that it was time barred.  Given that five out of the six claims were civil rights claims (some of which would not have stated a claim), and the sole habeas claim was time barred, the Court finds that this should count as a strike.  Id.; see also Jennings v. Natrona County Detention Center Medical Facility, 175 F.3d 775, 779 n. 2 (10th Cir. 1999) (mixed habeas petition can constitute a strike).  In fact, Plaintiff appeared to understand that he filed a mixed petition because he argued in his opposition to Respondent's motion to dismiss that the Court should consider both his civil rights claims and his habeas claim in the habeas action.

The Court therefore finds that Payne v. Adams should count as a strike.

---

[3] In his opposition, Plaintiff argued that the court should permit the habeas claims and his civil rights claims to proceed in a single action.

4.   *Payne v. Galaviz, et al., 2:10-cv-02110 (C.D. Cal. 2012)*

On March 24, 2010, Plaintiff filed this action as a petition for writ of habeas corpus.  On April 4, 2010, the Court summarily dismissed Plaintiff's petition because he had not presented any claims cognizable in habeas.  In part, the petition included challenges to the conditions of his confinement, i.e., a claim that prison officials denied access to the grievance procedure.  The Court considered "whether to ignore the mislabeling, and construe [the] action as a civil rights action. . ."  However, the Court declined to do so, finding that Plaintiff's allegations were insufficient to state a claim under section 1983.  ECF No. 26-2, Ex. D.

The Court finds that this habeas action also counts as a strike.  Andrews, 398 F.3d at 1123 n. 12.  In dismissing the action, the Court explained that on the face of the petition, it did not appear that Plaintiff was challenging the legality or length of his sentence.  The only claim that the Court could understand related to Plaintiff's claim that the California Department of Corrections and Rehabilitation, superior court and appellate court violated his right to "proper, adequate and meaningful redress as to the merits and violations contended in petitioner's original administrative grievance, original small claims petition and original petition for writ of habeas corpus."  ECF No. 26-2, Ex. D.  Plaintiff's administrative grievance related to the destruction of personal property, and the Court explained that this was a civil rights claim.  As to Plaintiff's claims against the courts, the claims did not fall within the scope of a habeas action.  The court specifically noted that the petition was "mislabeled," and considered whether to convert the action to a civil rights claim.  The court declined to do so, however, because his facts were insufficient to state a 1983 claim.

Under these circumstances, the Court finds that Payne v. Galaviz qualifies as a strike.

## C.   **IMMINENT DANGER EXCEPTION**

The Court has reviewed Plaintiff's complaint and finds that it does not meet the imminent danger exception.  Plaintiff's claims relate to the denial of property in 2009 and 2010, long

before this action was filed.  See Andrews, 493 F.3d at 1053.  Plaintiff makes no argument to the contrary.

**D.    FINDINGS AND RECOMMENDATIONS**

Based on the above, the Court RECOMMENDS that Defendants' motion to revoke Plaintiff's in forma pauperis status be GRANTED and that the order granting in forma pauperis status (Document 8) be VACATED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to objections may be filed within fourteen (14) days of the date of service of objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

Dated:   **July 1, 2015**                          /s/ Dennis L. Beck
                                        UNITED STATES MAGISTRATE JUDGE