# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRON A. PAYNE,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>FUJIOKA, et al.,<br><br>　　　　　Defendants. | 1:13cv02079 AWI DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Document 41) |

　　　　Plaintiff Myron A. Payne ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed this action on December 23, 2013.

　　　　On August 26, 2015, the Court granted Defendants' motion to revoke Plaintiff's in forma pauperis status and ordered Plaintiff to pay the filing fee within thirty (30) days. Plaintiff received an extension of time and the fee is now due on or about October 24, 2015.

　　　　On October 5, 2015, Plaintiff filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). The Court deems the matter suitable for decision without further briefing.

　　　　As judgment has not been entered, the Court construes this as a motion pursuant to Rule 60(b).

**A.**　　**LEGAL STANDARD**

　　　　"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals,*

1

*Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation" of that which was already considered by the Court in rendering its decision. *United States. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D.Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern–Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration, a party must show what "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

**B.     DISCUSSION**

In his motion, Plaintiff simply repeats his argument that the PLRA is unconstitutional, albeit with additional argument. For example, Plaintiff argues that the "PLRA's obstacles to meritorious lawsuits are undermining the rule of law in our prisons and jails, granting the government near impunity to violate the rights of prisoners without fear of consequences." ECF No. 41, at 3-4.

Plaintiff presents no arguments that warrant reconsideration. The Court has previously explained that the Ninth Circuit has rejected an argument that the PLRA is facially unconstitutional. *Andrews v. King*, 398 F.3d 1113, 1123 (9th Cir. 2005). Plaintiff's arguments that the PLRA should impose less drastic sanctions, such as requiring a litigant to "seek leave of court or certify that the claims have factual and legal basis before filing," are unavailing. ECF No. 41, at 9.

Plaintiff's challenge to the PLRA ignores the fact that prisoners deemed to have three strikes have a litigation history that warrants restrictions on new actions, and that such restrictions are rationally related to legitimate government interests. *Rodriguez v. Cook*, 169 F.3d 1176, 1180-1181 (9th Cir. 1999). He also ignores the fact that prisoners are often given numerous opportunities to correct claims in actions that are eventually deemed strikes.

Contrary to Plaintiff's argument that he has been barred from court "solely due to him being poor and incarcerated," he is prohibited from proceeding in forma pauperis in cases that do not involve imminent danger based on his litigation history. ECF No. 41, at 6.

Plaintiff's motion for reconsideration is therefore DENIED.

Plaintiff SHALL submit the filing fee within fourteen days of the date of service of this order. <u>Failure to comply will result in dismissal of this action.</u>

IT IS SO ORDERED.

Dated:  October 22, 2015

SENIOR DISTRICT JUDGE